FRANCISCO A. CLEMENTE, Plaintiff and Appellee, *v.* BOARD OF EXAMINERS OF ENGINEERS, ARCHITECTS AND SURVEYORS, Defendant and Appellant.

No. 4562.   Argued November 23, 1928.—Decided December 13, 1928.

Attorney General *James R. Beverley* and Assistant Attorney General *Ortiz Toro* for the appellant.   *Alberto S. Poventud* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Francisco A. Clemente brought an action in the District Court of Ponce against the Board of Examiners of Engineers, Architects and Surveyors, alleging that he had practiced the profession of electrical engineering in Porto Rico for more than sixteen years prior to the enactment of Act No. 31 of 1927, one section of which provides that the Board shall issue a license to practice the profession of engineering to any person who has practiced that profession for a period of not less than three years prior to the date of the approval of the Act; that under that section he applied to the Board for a license to practice electrical engineering and made a deposit of twenty dollars for the license; that the Board refused to issue the license to him, stating its reasons therefor in a let-

ter dated at San Juan on January 26, 1928; that the petitioner presented to the Board a motion for reconsideration together with an affidavit showing that he had worked as an electrical engineer for more than sixteen years, and that the Board denied that motion to his prejudice. He petitioned for a writ of mandamus ordering the Board to issue to him the license asked for or show cause for the denial.

A conditional writ of mandamus was issued by the court and the Board appeared by the Acting Attorney General, the Assistant Attorney General and the Deputy Attorney General and moved for a change of venue to the District Court of San Juan, the motion being accompanied by an affidavit of merits, a demurrer and an answer. The motion for change of venue is based on the fact that the defendant Board resides in San Juan and that the action is bottomed on acts done by the defendant in its official capacity and in San Juan.

The plaintiff opposed the change of venue and at the same time moved for an ocular inspection of certain works. The grounds for the opposition were that the plaintiff resides in Ponce where he practices his profession; that the action is against the Board of Examiners of Engineers, Architects and Surveyors created by law to function throughout the Island, wherefore it may be sued in any district thereof; that it is a case of a speedy and special remedy and therefore the transfer would entail postponement of the hearing, delays and violation of the Act establishing mandamus which admits no other defense than the answer; that the witnesses in the case reside in Ponce and it would be physically impossible for them to go to San Juan because of their occupations in Ponce; that the cause of action originated in Ponce and, according to section 79 of the Code of Civil Procedure and the jurisprudence, the case should be tried in the district in which the cause of action, or some part of it, originated. He invoked the discretion of the court in cases of change of venue.

The case having been set for trial, the defendant moved for a continuance on the ground of lack of time to secure the evidence. The court overruled the motion for change of venue and set the case for trial. On March 26, 1928, the defendant appealed from that ruling.

The following is the only error assigned by the appellant:

"The District Court of Ponce committed error in overruling the motion for change of venue to the District Court of San Juan."

The appellant invokes the provision of section 82 of the Code of Civil Procedure which authorizes a change of venue to the proper district for the trial. Undoubtedly the requirements of that section have been complied with in the motion of the appellant. If it is true that the motion was accompanied by a demurrer and an answer, section 82 authorizes, and even orders, that the motion shall be made at the time of appearing to answer or demur and this does not prevent the simultaneous filing of the two pleadings. There is no doubt that under section 10 of the Act establishing the writ of mandamus (Comp. 1911, sec. 1337) the person notified may plead the causes in the form of an answer and no other pleading or written allegation will be allowed than the writ and answer. That precept is not so rigid as to force the party to submit to a court which has no jurisdiction. There is no situation which authorizes the creation of jurisdiction in a court to which it is not given by law and the submission of a party to such jurisdiction without invoking the protection of the law. In making declarations like that of section 10 under consideration the law has started from the premise that the court taking cognizance of the case has jurisdiction thereof, and on such premise it can sustain the declaration however rigid it may appear. The defendant did not submit to the jurisdiction of the court by presenting the answer which was indispensable for the motion for change of venue.

The applicability of subdivision 2 of section 79 of the

Code of Civil Procedure to this case does not seem to be doubtful. The defendant has been sued because of its denial of a license which the plaintiff believed it was its duty to issue. That is an official act and is one among the functions bestowed by statute on the defendant Board. It is to be found among those of subdivision 2 of section 79 cited. The performance of that act took place in San Juan where the defendant has its offices and its legal domicile. The jurisdiction over any litigation arising therefrom directly and proximately is in the San Juan courts.

The order appealed from must be reversed and a change of venue ordered to the District Court of San Juan.